IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUWLUS A. MUHAMMAD,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 07-22 Erie |
| v. | )<br>) | |
| VENCENT KANNRINE, et al.,<br>    Respondents. | )<br>)<br>) | District Judge McLaughlin<br>Chief Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss [Document # 26] be granted and that Petitioner's habeas claims challenging the legality of his detention in the Erie County Prison be dismissed as moot.

**II.   REPORT**

   **A.   Relevant Background**

In October 2004, a jury empaneled by the Court of Common Pleas of Erie County convicted Petitioner, Buwlus A. Muhammad, a/k/a Paul Cooper, of making Terroristic Threats in violation of 18 Pa.C.S. § 2706. On November 19, 2004, the Honorable Shad Connelly sentenced Petitioner to serve a period of incarceration of eighteen to sixty months.

In 2005, Petitioner was serving state judgments of sentence at the State Correctional Institution at Smithfield ("SCI Smithfield"). On July 13, 2005, a redacted federal indictment was handed down against Petitioner charging him with mailing threatening communications in violation of 18 U.S.C. § 876. On July 29, 2005, the undersigned granted the federal prosecutor's motion for writ of habeas corpus *ad prosequendum*,[1] and ordered that the Warden at SCI

---

[1] A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the first sovereign–in this case, the Commonwealth of Pennsylvania–unless and until the first sovereign

Smithfield release Petitioner in the custody of the U.S. Marshals Service ("USMS"). It was further ordered that Petitioner be transported to Erie, Pennsylvania to appear for his initial appearance on the federal charge on August 4, 2005; that the USMS hold Petitioner in federal custody until the completion of the trial on the federal charges; and that Petitioner was not to be released back to the custody of SCI Smithfield until such time as his presence was no longer necessary for the prosecution of the federal charges. Petitioner was brought before this Court for an initial appearance on August 4, 2005.[2] Following the initial appearance, Petitioner was taken by the USMS to the Erie County Prison,[3] where he was held awaiting the conclusion of his federal prosecution.[4] See Document # 27 at 1-2; see also U.S.A. v. Muhammad, Criminal Docket No. 05-35 (W.D.Pa.), Document # 1-12, 78-79.

In February 2007, Petitioner commenced habeas proceedings in this Court pursuant to 28 U.S.C. § 2254. He names as Respondents the USMS; an individual he identifies as "Marshall Bill"; James S. Veshecco, the Warden of the Erie County Prison; and, Vincent Kannine, the Deputy Warden of the Erie County Prison.

---

relinquishes jurisdiction over the person. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign-in this case, the federal government-is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

[2]

On August 4, 2005, the undersigned conducted an initial appearance and, in accordance with the customary practice for defendants who were to remain in federal custody while serving the balance of a state sentence, issued an order under the Bail Reform Act, technically issuing a recognizance bond and release order, which was in effect a nullity in light of Petitioner's service of his state sentence. On May 14, 2007, the Honorable Maurice B. Cohill ordered that the release order and recognizance bond be vacated, that Petitioner remain in the custody of the USMS pursuant to the terms of the Order dated July 29, 2005, granting the government's motion for a writ of habeas corpus *ad prosequendum*, and that Petitioner shall remain in such custody until the conclusion of the federal prosecution. Judge Cohill further ordered that if Petitioner was released on his state sentence prior to the conclusion of the federal prosecution, he was to be brought before a U.S. Magistrate Judge for a detention hearing for a determination as to whether he should be detained pending trial on the federal charges. U.S.A. v. Mohammad, Criminal Docket No. 05-35 (W.D.Pa.), Document # 79.

[3]

Pursuant to 18 U.S.C. §§ 4002, 4006, 4013, the USMS enters into agreements with local jail facilities to house federal detainees pending federal judicial proceedings. The USMS has entered into such an agreement with the Erie County Prison. See Document # 27, Ex. B.

[4]

It is noted that at certain times Petitioner was transported to federal medical facilities for competency proceedings ordered by this Court.

Some of Petitioner's habeas claims challenge the validity of the state judgment of sentence imposed by Judge Connelly on November 19, 2004. (See Document # 5). Those claims are not at issue in the Motion to Dismiss.[5] Some of Petitioner's habeas claims, however, challenge the legality of his federal pre-trial confinement in the Erie County Prison.[6] [Document # 1]. He alleges that he has been held "under unlawful custody and jurisdiction under the county prison of Erie County, Pennsylvania since August 4, 2005." With respect to these claims, he seeks an order from this Court directing the USMS to relinquish custody of him and release him to state custody so that may return to SCI Smithfield.

On August 16, 2007, following a jury trial presided over by Judge Cohill, Petitioner was found guilty of five counts of mailing threatening communications in violation of 18 U.S.C. § 876. On November 28, 2007, Judge Cohill sentenced him to a term of 175 months imprisonment, to be served consecutive to the state sentences he is serving. Judge Cohill remanded Petitioner to the custody of the USMS. By December 11, 2007, the USMS had returned Petitioner to state custody in satisfaction of the writ of habeas corpus *ad prosequendum* and the state had re-incarcerated Petitioner at SCI Smithfield. See U.S.A. v. Muhammad, Criminal Docket No. 05-35, Document # 130, # 145, # 146, # 149. The records department of SCI Smithfield has confirmed to this Court that Petitioner is presently incarcerated at that institution and serving his state judgments of sentence.

---

[5] Petitioner presently is exhausting his state court remedies with respect to some of those claims in a state collateral proceeding filed pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. On February 12, 2008, the Superior Court of Pennsylvania issued a Memorandum affirming the denial of PCRA relief. Commonwealth v. Paul Cooper, Jr., A.K.A. Buwlus A. Muhammad, No. 1562 WDA 2007 (Pa.Super.) On or around March 13, 2008, Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which has not been ruled on as of this date. See Commonwealth v. Paul Cooper, Jr., A.K.A. Buwlus A. Muhammad, Allocatur Docket 197 WAL 2008 (Pa.)

[6] Petitioner also has filed with this Court an action pursuant to 42 U.S.C. § 1983 in which he raises claims arising out of his detention in the Erie County Prison. That action is pending at Muhammad v. U.S. Marshals Service et al., Civil Docket No. 07-27 (W.D. Pa.)

**B.     Discussion**

Prior to Petitioner's federal sentencing, the USMS and "Marshal Bill," through the U.S. Attorney's Office, filed a motion to dismiss the habeas claims challenging the legality of Petitioner's confinement in the Erie County Prison. They asserted, *inter alia*, that those claims would become moot once Judge Cohill sentenced Petitioner and he was returned to the Commonwealth's physical custody in satisfaction of the federal writ of habeas corpus *ad prosequendum*. Those events have now transpired and the motion to dismiss should be granted.

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. See Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). Here, Petitioner has been convicted and sentenced on the federal charges and the USMS has returned him to state custody in satisfaction of the federal writ of habeas corpus *ad prosequendum*. He has been re-incarcerated at SCI Smithfield. Thus, through the mere passage of time, Petitioner's claims challenging the legality of his detention in the Erie County Prison have become moot. Therefore, those claims should be dismissed and the motion to dismiss should be granted. Cf. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); see also 13A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3533.3 (2d ed. 1984 & 2007 Supp.) ("The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.")

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss [Document # 26] be GRANTED and the habeas claims in which Petitioner challenges the

legality of his detention in the Erie County Prison be DISMISSED as moot.[7]

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                   S/Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  Chief United States Magistrate Judge

Dated: May 29, 2008

---

[7] Petitioner's habeas claims contesting the validity of his November 2004 judgment of sentence on his state conviction of Terroristic Threats are still before this Court and will be addressed once the pending PCRA proceeding concludes.